## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ROBIN TAYLOR, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : : | **COMPLAINT – CLASS ACTION** |
| PLATINUM WEALTH VENTURE, LLC and ONVIANT INSURANCE AGENCY, INC., | : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : : | |

_____/

Plaintiff (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals'
privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow
objecting individuals to prevent unwanted calls to their homes. The result of the
telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. §
64.1200(c)(2). Within the federal government's web of indecipherable acronyms
and byzantine programs, the Do-Not-Call registry stands out as a model of clarity.
It means what it says. If a person wishes to no longer receive telephone
solicitations, he can add his number to the list. The TCPA then restricts the
telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. §
310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of
this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person
when . . . [t]hat person's telephone number is on the "do-not-call" registry,
maintained by the Commission.')…Private suits can seek either monetary or
injunctive relief. *Id…*This private cause of action is a straightforward provision
designed to achieve a straightforward result. Congress enacted the law to protect
against invasions of privacy that were harming people.  The law empowers each
person to protect his own personal rights. Violations of the law are clear, as is the
remedy. Put simply, the TCPA affords relief to those persons who, despite efforts

to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Onviant Insurance Agency, Inc. ("Onviant") made telemarketing calls to numbers on the National Do Not Call Registry, including the Plaintiff, to promote Platinum Wealth Venture, LLC's ("Platinum Wealth") services.

4.    Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.    A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.    Plaintiff Robin Taylor is, and at all times mentioned herein was, an individual citizen of the state of Florida.

7.    Defendant Onviant Insurance Agency, Inc. is a California corporation.

8.    Defendant Platinum Wealth Venture, LLC is a Florida limited liability corporation located in this District.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §

1331 and 47 U.S.C. § 227 *et seq*.

10.      This Court has specific personal jurisdiction over Platinum Wealth

Venture because the company resides in this District. The Court has personal

jurisdiction bovver Onviant because they (a) make telemarketing calls into this

District, as they did with the Plaintiff and (b) because, upon information and belief,

the agreement between Platinum Wealth and Onviant has a venue for disputes that

contemplates Florida.

11.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the

telephone calls at issue were organized from this District and made into this District.

## TCPA BACKGROUND

12.      In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991)

(codified at 47 U.S.C. § 227).

The National Do Not Call Registry

13.       § 227(c) of the TCPA requires the FCC to "initiate a rulemaking

proceeding concerning the need to protect residential telephone subscribers'
privacy rights to avoid receiving telephone solicitations to which they object." 47
U.S.C. § 227(c)(1).

14.    The National Do Not Call Registry allows consumers to register their
telephone numbers and thereby indicate their desire not to receive telephone
solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

15.    A listing on the Registry "must be honored indefinitely, or until the
registration is cancelled by the consumer or the telephone number is removed by
the database administrator."  *Id.*

16.    The TCPA and implementing regulations prohibit the initiation of
telephone solicitations to residential telephone subscribers to the Registry and
provides a private right of action against any entity that makes those calls, or "on
whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R.
§ 64.1200(c)(2).

## FACTUAL ALLEGATIONS

17.    Each defendant is a "person" as the term is defined by 47 U.S.C.
§ 153(39).

18.    To generate new customers for Platinum Wealth, Onviant sends
telemarketing calls.

19.     However, that includes telemarketing calls that are made to numbers on the National Do Not Call Registry.

20.     At no point has the Plaintiff sought out or solicited information regarding Defendants' goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

21.     Plaintiff Taylor's telephone number, 941-224-XXXX, is a residential telephone line.

22.     This number is used for personal purposes.

23.     It is not associated with a business.

24.     The telephone number has been on the National Do Not Call Registry since January of 2009.

25.     Despite this, Ms. Taylor received multiple telemarketing calls from Onviant for Platinum Wealth on March 21, 2022.

26.     Both calls came from the same Caller ID, (352) 292-1189.

27.     During the first call, Ms. Taylor informed Onviant that she wasn't interested in their offer.

28.     Despite this, Onviant called her back later that day.

29.     During this call, Ms. Taylor listened to the telemarketing pitch so she could identify the entity responsible for contacting her residential number on the National Do Not Call Registry.

30.     On the call, Onviant informed Ms. Taylor that it wanted to compare Medicare insurance coverage options for her.

31.     Onviant then asked Ms. Taylor certain qualifying questions.

32.     These qualifying questions included her age, inquiring if she was over 65.

33.     They also included the name of her current insurance carrier.

34.     Onviant also inquired if she had pre-existing health conditions.

35.     Onviant then transferred Ms. Taylor to Platinum Wealth Ventures.

36.     Ms. Taylor spoke to Patrick Lynch.

37.     Mr. Lynch continued the solicitation of Ms. Taylor, including offering her Medicare insurance offerings from Platinum Wealth.

38.     Mr. Lynch informed Ms. Taylor that he worked for Platinum Wealth and provided her a call back number.

39.     That telephone number, (813) 321-6386, is a number for the Defendant.

40.     Prior to the filing of this lawsuit, the Plaintiff contacted Platinum Wealth and ask them the basis of the calls.

41.     Platinum Wealth did not deny being involved in the calls, but instead claimed that it was Onviant's obligation to obtain permission to make the calls.

42.     Ms. Taylor did not provide consent to the Defendants.

43.     The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have her sign up for Platinum Wealth's insurance services.

44.     These calls qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

45.     Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance.  The calls also occupied Plaintiff's and class members' telephone lines and prevented them from receiving from legitimate communication.

## PLATINUM WEALTH VENTURE'S LIABILTY FOR ONVIANT'S CONDUCT

46.     The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

47.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket

No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

48.     In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

49.     By hiring a company to make calls on its behalf, Platinum Wealth "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

50.     Moreover, Platinum Wealth maintained interim control over the actions of Onviant.

51.     Indeed, when Ms. Taylor's counsel contacted Platinum Wealth regarding the calls, Platinum Wealth stated that "Onviant is a company that transfers individuals to our live agent team by phone for a fee".

52.     Platinum Wealth continued that the call recipients have to "meet our qualifications" prior to the transfer.

53.     As such, Platinum Wealth provides Onviant with specific qualifications for the call recipients.

54.    These qualifications include the state of the call recipient, their current insurance providers, their age and existence of any pre-existing conditions.

55.    To ensure certain qualifications, Platinum Wealth reviews and approves the telemarketing script to make sure their qualification questions are asked.

56.    Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46).  Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## CLASS ACTION ALLEGATIONS

57.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of a national class of all other persons or entities similarly situated throughout the United States.

58.    The class of persons that Plaintiff propose to represent are defined as follows (collectively referred to as the "Class"):

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the

National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

59.     Excluded from the Class are counsel, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

60.     The Class, as defined above, is identifiable through telephone records and telephone number databases.

61.     The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

62.     Individual joinder of these persons is impracticable.

63.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

64.     Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the class members.

65.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance,

waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

66.    This class action complaint seeks injunctive relief and money damages.

67.    There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.    whether Platinum Wealth Ventures is vicariously liable for Onviant's calling conduct.

b.    whether either Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

c.    whether either Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

d.    whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

68.    Plaintiff's claims are typical of the claims of the Class.

69.    Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

70.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

71.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

72.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendants sare small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

73.    Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

74.    Plaintiff repeats her allegations of paragraph 1 – 73 of this Complaint and incorporates them by reference herein.

75.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

76.    Defendants' violations were negligent, willful, or knowing.

77.    As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

78.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that Defendants and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E.    An order enjoining Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F.    An award to Plaintiff and the Class of damages, as allowed by law; and

G.     Orders granting such other and further relief as the Court deems

necessary, just, and proper.

## **<u>JURY DEMAND</u>**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: April 21, 2022          PLAINTIFF, on behalf of herself
                               and others similarly situated,

                               */s/Avi R. Kaufman*
                               Avi R. Kaufman (Florida Bar no. 84382)
                               kaufman@kaufmanpa.com
                               Rachel E. Kaufman (Florida Bar no. 87406)
                               rachel@kaufmanpa.com
                               KAUFMAN P.A.
                               237 S Dixie Hwy, 4th Floor
                               Coral Gables, FL 33133
                               Telephone: (305) 469-5881

                               *Attorneys for Plaintiff and the putative class*